# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ADRIAN FRANCIS**                                                                **CIVIL ACTION**

**VERSUS**                                                                                    **NO. 17-24-JWD-EWD**

**EUGENE MONROE, ET AL.**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on June 30, 2017.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADRIAN FRANCIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-24-JWD-EWD** |
| **EUGENE MONROE, ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Leave to File Amended Complaint For Damages to Add Additional Parties,[1] filed by plaintiff Adrian Francis. The Motion is opposed by defendants, Eugene Monroe ("Monroe") and Erie Mutual Fire Insurance Company ("Erie Mutual") (collectively, "Defendants").[2] For the following reasons, the undersigned recommends[3] that the Motion be **GRANTED in part.** The Motion should be **GRANTED** to the extent that Plaintiff seeks to name SRS Distribution Inc. f/k/a SRS Acquisition Corporation, Travelers Property Casualty of America and Travelers Property Casualty Insurance Company as defendants in this matter. However, the Motion should be **DENIED** to the extent that Plaintiff seeks to name Thaddeus Holmes and his insurer, United Services Automobile Association, as defendants in this case.

---

[1] R. Doc. 6.

[2] R. Doc. 9.

[3] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (citations omitted). However, because the decision regarding Plaintiff's Motion for Leave to File Amended Complaint For Damages to Add Additional Parties will determine whether this Court continues to have diversity jurisdiction over this matter, and thus whether or not this matter should be remanded to state court, the motion is dispositive and a report and recommendation, rather than a ruling, is being issued relative to such motion. *See*, *Vessell v. Wal-Mart Stores, Inc.*, 2008 WL 2700010, at *2, n.2 (M.D. La. July 9, 2008).

**Factual and Procedural Background**

This matter arises out of a multi-vehicle, rear-end collision that occurred on or about March 24, 2016. As a result of the accident, Plaintiff filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana on or about August 9, 2016.[4] In the Petition, Plaintiff alleges that while she was driving near the intersection of Airline Highway and St. Katherine Avenue in Baton Rouge, "the general flow of traffic slowed down in the northbound inside lane of traffic . . . when Eugene Monroe crashed the 2016 GMC Yukon into a second vehicle causing the second vehicle to crash into the rear of a 2000 Mitsubishi Galant driven by Adrian S. Francis," causing Plaintiff to crash into the rear of a fourth vehicle, which caused the fourth vehicle to crash into the rear of a fifth vehicle.[5] Plaintiff named Monroe and his insurer, Erie Fire Insurance Company, as defendants in the suit, as well as ABC Company and XYZ Insurance, explaining that, "An amended petition will be filed to include ABC Company and XYZ Insurance Company when they are identified through discovery and their addresses are known."[6] The Petition alleges that Monroe's negligence was the sole and proximate cause of the accident.[7] On or about November 30, 2016, Plaintiff filed an Amended Petition to properly identify Erie Mutual as the defendant named in the original Petition.[8]

On January 11, 2017, Monroe filed a Notice of Removal, seeking to remove the case to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332(a).[9] Monroe asserts that there is complete diversity because Plaintiff is a citizen of Louisiana, Monroe is a citizen of North Carolina, and Erie Mutual is a citizen of Pennsylvania. Monroe also asserts that the amount in

---

[4] R. Doc. 1-2 at pp. 5-8.
[5] R. Doc. 1-2 at p. 5, ¶ 3.
[6] R. Doc. 1-2 at p. 5, ¶ 1.
[7] R. Doc. 1-2 at p. 6, ¶ 6.
[8] R. Doc. 1-2 at p. 3, ¶ 1.
[9] R. Doc. 1 at p. 2, ¶ 4. The Notice of Removal states that Erie Mutual consents to the removal of this matter. *Id*. at p. 3, ¶ 8.

controversy exceeds $75,000 because Plaintiff alleges that she has suffered, "extreme physical pain, discomfort and loss of function" as a result of various injuries, including cervical radiculopathy, sciatica, spondylosis, prolapsed lumbar intervertebral disc, annular tear of lumbar disc, and stenosis of intervertebral foramina.[10] Monroe further asserts that removal is timely because he was served with the Petition and the Amended Petition via Louisiana's Long Arm Statute on or about December 19, 2016.

On February 22, 2017, Plaintiff filed the instant Motion, seeking leave to file an amended complaint that names Thaddeus Holmes, the driver of the vehicle that was directly behind Plaintiff's vehicle at the time of the accident, and his insurer, United Services Automobile Association ("USAA"), as defendants in this case.[11] Plaintiff also seeks to add Monroe's employer, SRS Distribution, Inc. f/k/a SRS Acquisition Corporation, and its insurers, Travelers Property Casualty of America and Travelers Property Casualty Insurance Company (collectively, "Travelers Property"), as defendants in this case.[12] In the proposed Complaint for Damages,[13] Plaintiff asserts that Holmes is a citizen of Louisiana, USAA is a citizen of Texas, SRS Distribution, Inc. f/k/a SRS Acquisition Corporation is a citizen of Delaware and Texas, and Travelers is a citizen of Connecticut.[14] Plaintiff asserts that substantial injustice will occur if she is not allowed to add these additional defendants who may be at fault in causing or contributing to her injuries or who may be liable for all or part of any damages determined to be owed by Monroe. Because Holmes is a non-diverse party, Plaintiff asserts that if the Motion is granted, this matter must be remanded for lack of subject matter jurisdiction.

---

[10] R. Doc. 1 at p. 2, ¶ 6 (*quoting* R. Doc. 1-2 at p. 7, ¶¶ 12-13).
[11] R. Doc. 6; *See*, R. Doc. 6-2 at p. 1, ¶ 1.
[12] *Id.*
[13] R. Doc. 6-2.
[14] *Id.* at p. 1, ¶ 1.

4

In opposition, Defendants assert that the Motion should be denied to the extent that Plaintiff seeks to add Holmes and USAA as defendants because the primary purpose of the amendment is to destroy diversity jurisdiction.[15]  Defendants point out that the original Petition alleges that Monroe crashed into a second vehicle, causing the second vehicle to crash into Plaintiff's vehicle and that Monroe's negligence was the sole and proximate cause of the accident.  Defendants assert that Plaintiff filed an Amended Petition in state court on November 30, 2016, but did not add any new defendants or make any new allegations that anyone other than Monroe was at fault for the accident.  Defendants argue that after removal, Plaintiff now claims that she was rear-ended by either Monroe or Holmes, but fails to explain why she believes it was one or the other.  Defendants assert that Plaintiff has known the names of all the drivers involved in the accident since at least April 5, 2016, when Plaintiff's counsel sent correspondence to Erie Mutual that included a copy of the police report from the accident.[16]  Defendants claim the police report does not mention multiple rear-end impacts to Plaintiff's vehicle, and instead states that Monroe's vehicle caused Holmes' vehicle to impact Plaintiff's vehicle.  Defendants also assert that Plaintiff gave a post-accident statement to Erie Mutual, in which Plaintiff stated that Holmes' vehicle was stopped at the time of the accident.[17]

Defendants further assert that Plaintiff was dilatory in seeking amendment, as the Motion was filed approximately six weeks after the Notice of Removal was filed and six months after the original Petition was filed.  Defendants point out that Plaintiff offers no reason why Holmes was not named as a defendant in the original Petition.  Defendants argue that Plaintiff will not be

---

[15] R. Doc. 9 at p. 2.  Defendants do not oppose the Motion to the extent that Plaintiff seeks to add SRS Distribution, Inc. f/k/a SRS Acquisition Corporation and Travelers Property as defendants, as their addition will not affect the Court's diversity jurisdiction.  *Id*.
[16] R. Doc. 9 at p. 5 (*citing* R. Docs. 9-1 and 9-2).
[17] R. Doc. 9 at p. 6 (*citing* R. Doc. 9-3 at p. 4).

prejudiced if the amendment is denied because she could have named Holmes as a defendant in the original Petition or the Amended Petition, but chose not to. Defendants further assert that Plaintiff will not be prejudiced because she can always re-file the Motion after conducting discovery and obtaining information to support her claim against Holmes. In contrast, Defendants claim they will be prejudiced if the amendment is allowed and the matter is remanded to state court because Defendants will be unable to remove the matter back to federal court if discovery reveals that there are no facts to support any claims against Holmes. As such, Defendants argue that the Motion should be denied with respect to Plaintiff's request to add Holmes and USAA as defendants in this matter.

## Applicable Law and Analysis

**A. Post-removal joinder of a non-diverse defendant**.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Fifth Circuit has strictly followed this rule, stating that "leave to amend should be granted liberally." *Robertson v. Plano City of Texas*, 70 F.3d 21, 22 (5th Cir. 1995). However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Thus, if diversity was the only basis for the court's subject matter jurisdiction and a district court permits joinder of a nondiverse defendant, it must remand the case to the state court. *See, Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (*citing* 28 U.S.C. § 1447(e)).

"The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id*. The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities. *Id*. Applying these factors, the court in *Hensgens* held the post-removal joinder of a non-diverse, non-indispensable party destroys diversity jurisdiction. *Id*.

Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case. *See, Cobb v. Delta Exports, Inc*., 186 F.3d 675, 677 (5th Cir. 1999); *Tillman v. CSX Transport., Inc*., 929 F.2d 1023, 1029 (5th Cir. 1991); S*ee also, Smith v. Lucas Tire Co., Inc.,* 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995). In *Cobb*, as in *Hensgens*, the Fifth Circuit concluded that, "post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable." 186 F.3d at 677. Thus, "it is technically immaterial" whether the non-diverse defendants sought to be added are indispensable or dispensable parties for the purposes of the analysis required under § 1447(e). *Joseph v. Fluor Corp*., 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (citing *Cobb*, 186 F.3d at 680-81).

7

The instant matter was removed to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[18] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will." *Hensgens*, 833 F.2d at 1181. The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

**B. Under the *Hensgens* analysis, Plaintiff should not be allowed to file an amended complaint naming Thaddeus Holmes, a non-diverse party, as a defendant in this case**.

As discussed above, Monroe removed this case to federal court based on the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Allowing Plaintiff to file the proposed Complaint for Damages naming Holmes and his insurer, USAA (collectively, "Holmes"), would destroy complete diversity between the parties because Plaintiff is a citizen of Louisiana and has alleged that Holmes is also a citizen of Louisiana.[19] Thus, the Court must apply the four-factor

---

[18] R. Doc. 1.
[19] The Louisiana Direct Action Statute, La. R.S. 22:1269, allows a tort victim to sue both the insured and its insurer, as a solidary obligor, or the insurer alone, when certain conditions set forth in the statute are met. *New Eng. Ins. Co. v. Barnett*, 465 Fed. Appx. 302, 309 (5th Cir. 2012) (unpublished). However, for purposes of diversity, "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of-- every State and foreign state of which the insured is a citizen . . . ." 28 U.S.C. § 1332(c)(1)(A) (emphasis added). Thus, adding USAA as a defendant without the addition of Holmes would destroy the Court's subject matter jurisdiction because under §

8

analysis set forth in *Hensgens* to determine whether Plaintiff's post-removal Motion, seeking to amend her state court Petition to add a non-diverse defendant, should be granted.

While Plaintiff acknowledges that the addition of Holmes as a defendant would destroy the Court's diversity jurisdiction, Plaintiff does not address *Hensgens* or the four-factor analysis that the Court must conduct to determine whether to allow joinder of a non-diverse party under 28 U.S.C. § 1447(e). Plaintiff merely asserts that "substantial injustice will occur" if she is not allowed to add the additional diverse and non-diverse defendants, who may be a fault in causing or contributing to her injury or who may be liable for all or part of any damages determined to be owed by Eugene Monroe.[20] Defendants, however, assert that all four of the *Hensgens* factors weigh in favor of denying Plaintiff's Motion to the extent that she seeks to add Holmes and USAA as defendants. Defendants focus on the fact that Plaintiff could have named Holmes as a defendant in the original Petition or in her Amended Petition because Plaintiff has known the identity and contact information of all the drivers involved in the underlying accident, as well as their individual roles in the accident, at least since April 5, 2016. Defendants also assert that Plaintiff will not be prejudiced if the Motion is denied because she can always re-file the motion, but Defendants will be prejudiced if the amendment is allowed and they are deprived of a properly invoked federal forum.

**1. The purpose of the proposed amendment appears to be to defeat diversity.**

When analyzing the first *Hensgens* factor, courts within the Fifth Circuit frequently look at whether the plaintiff knew or should have known the identity of the party to be joined and the facts underlying the claim against that party when the state court complaint was filed. *See,*

---

1332(c)(1)(A), USAA would be considered a citizen of Louisiana since Holmes is a citizen of Louisiana. For this reason, Holmes and USAA will be referred to collectively as "Holmes."
[20] R. Doc. 6 at p. 2.

9

*Tomlinson v. Allstate Indem. Co.*, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006); *Irigoyen v. State Farm Lloyds*, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004). "Courts have held that a plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knew of a non-diverse defendant's identity and activities suggests that the purpose of the amendment is to destroy diversity jurisdiction." *Schindler v. Charles Schwab & Co., Inc.*, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005). "However, courts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the primary purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." *Id*. (emphasis in original) (citing cases).

### a. Timing

The timing of the proposed amendment in this case (approximately six weeks after the Notice of Removal was filed and approximately six months after the Petition was filed) suggests that, at the very least, part of Plaintiff's purpose in seeking to amend her Petition is to defeat federal jurisdiction. It is also clear from the documents provided by the Defendants that Plaintiff knew Holmes' name and contact information, as well as his role in the underlying accident, when Plaintiff filed her original Petition in state court. Specifically, the April 5, 2016 letter from Plaintiff's counsel to a claims representative at Erie Mutual, the police report from the underlying accident, and a recorded statement given by Plaintiff to Erie Mutual on April 1, 2016 show that Plaintiff knew about Holmes' role in the underlying accident when she filed her original Petition. In the April 5, 2016 letter, which was sent by Plaintiff's counsel several months before Plaintiff filed the original Petition in state court, counsel asserts that Plaintiff was injured, "when Eugene Monroe crashed the front end of his 2016 GMC Yukon into the rear of a second vehicle (#2) causing the second vehicle to crash into Adrian Francis's 2000 Mitsubishi Galant (#3) causing the

10

Francis Mitsubishi to catapult and crash into the rear of a fourth vehicle (#4)."[21] Plaintiff's counsel further asserts in the letter that, "Eugene Monroe told the investigating officer . . . 'the vehicle in front of him came to a quick stop and he hit driver #2 in the rear causing a chain reaction,'"[22] and that, "Adrian told the investigating officer 'she was hit in the rear by driver #2 which caused her to hit driver #4.'"[23]

The police report, which Defendants assert was attached to the April 5, 2016 letter, contains the name and contact information for each of the five drivers involved in the underlying accident.[24] According to the police report, Monroe told the investigating officer that the vehicle in front of him came to a quick stop, "and he hit driver #2 [Holmes] in the rear which cause [sic] a chain reaction. Driver #2 advised he was hit in the rear by driver #1 which caused him to hit driver #3 [Plaintiff] in the rear. Driver # 3 advised she was hit in the rear by driver # 2 which caused her to hit driver # 4 [Marilyn Hallmark]."[25] Defendants also submitted a recorded statement given by Plaintiff to Erie Mutual on April 1, 2016,[26] in which Plaintiff said that she remembered seeing that the vehicle behind her was stopped at the time of the accident and that, "Everybody was at a stop. The only person I remember seeing was the person who hit the person that made the person --- hit me."[27]

The only reason Plaintiff provides for seeking to amend her Petition to add Holmes as a defendant is that he "may be at fault in causing or contributing to her injury or loss."[28] Plaintiff, however, does not offer any explanation for why she did not name Holmes as defendant in the

---

[21] R. Doc. 9-1 at p. 1.
[22] R. Doc. 9-1 at p. 1.
[23] R. Doc. 9-1 at p. 2.
[24] R. Doc. 9 at p. 5; *See,* R. Doc. 9-2 at pp. 2, 4, 6, 9, 10.
[25] R. Doc. 9-2 at p. 12; *See*, R. Doc. 9-2 at pp. 2, 4, 6, 9, 10.
[26] R. Doc. 9-3 at p. 2.
[27] R. Doc. 9-3 at p. 4.
[28] R. Doc. 6 at p. 2.

11

original Petition or in the Amended Petition filed on November 30. 2016, even though she had the name and contact information of all of the drivers involved in the underlying accident.  These facts support Defendants' assertion that the timing of the Motion shows Plaintiff seeks amendment, at least in part, to defeat this Court's diversity jurisdiction.

### b. Ability to state a valid claim against Holmes

Although some courts have also considered whether the plaintiff states a valid claim against the proposed additional defendant when analyzing the first *Hensgens* factor,[29] the parties have alleged insufficient information to permit evaluation of the viability of Plaintiff's negligence claim against Holmes.  In the original Petition, Plaintiff alleged that the underlying accident occurred "when Eugene Monroe crashed the 2016 GMC Yukon into a second vehicle causing the second vehicle to rash into the rear of a 2000 Mitsubishi Galant driven by Adrian S. Francis . . . ."[30]  In the proposed Complaint for Damages, however, Plaintiff alleges that, "On March 24, 2016, a 2000 Mitsubishi Galant owned and being operated by **Adrian S. Francis** was rear-ended in a multi-vehicle collision on Airline Highway in Baton Rouge, Louisiana, by a rental 2016 GMC Yukon being operated by **Eugene Monroe**, and/or by a 2006 Toyota Rav 4 being permissively operated by **Thaddeus Holmes.**"[31]  Defendants argue that while Plaintiff asserts she was rear-ended by either Holmes or Monroe, "Plaintiff fails to offer any allegations of fact as to why she believes it

---

[29] See *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4720570, at *4 (S.D. Tex. Dec. 7, 2009) (noting that plaintiffs seeking to impose liability on an insurance adjuster under Texas law "face significant legal obstacles" when the plaintiffs fail to allege that the adjuster exceeded his authority or made actionable misrepresentations and that the proposed amended complaint had not added any such allegations against the insurance adjuster) (quoting *Irigoyen v. State Farm Lloyds*, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004)); *Karr v. Brice Bldg. Co.*, 2009 WL 1458043, at *3 (E.D. La. May 22, 2009) (court found the amended complaint asserts a valid claim against the new, non-diverse defendant, which was bolstered by the fact that the party opposing amendment argued in a separate pleading that the non-diverse defendant was the only viable defendant for plaintiff's negligence claim); *Schindler v. Charles Schwab & Co.*, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005) (where defendant does not assert that the plaintiff has no viable claims against the proposed additional defendants, the fact that the claims sought to be added have an undisputed connection with the original claims militates against a finding that the sole purpose of the amendment is to destroy federal jurisdiction).
[30] R. Doc. 1-2 at p. 5, ¶ 3.
[31] R. Doc. 6-2 at p. 2, ¶ 2 (emphasis in original).

was one or the other."[32] Although Defendants assert that the timing and the substance of Plaintiff's new allegations "should raise this Honorable Court's suspicion that the primary purpose of the proposed amendment is to destroy diversity jurisdiction,"[33] Defendants do not allege any additional facts to show that Plaintiff's negligence claim against Holmes is invalid.

### 2. Plaintiff was dilatory in seeking leave to amend.

The second *Hensgens* factor-whether the plaintiff was dilatory in seeking leave to amend-is a closer issue, but also weighs in favor of denying Plaintiff's Motion. In determining whether the plaintiff has been dilatory in seeking amendment, "district courts often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between the removal and the amendment." *Schindler v. Charles Schwab & Co.*, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005) (citation omitted). "Generally a plaintiff is not dilatory in seeking to amend a complaint when no trial or pre-trial dates [have been] scheduled and no significant activity beyond the pleading stage has occurred." *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 720 (W.D. Tex. 2014) (quotation and citation omitted). However, "the analysis is different when the proposed amendment is to add nondiverse defendants shortly after removal based on federal diversity jurisdiction." *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4720570, at *4 (S.D. Tex. Dec. 7, 2009). In that situation, "[a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory." *Id.*; *See, Darr v. Amerisure Insurance Company*, 2016 WL 5110267 (M.D. La. Aug. 31, 2016) (finding plaintiff was dilatory where amendment was sought less than a month after removal and two months after the original petition was filed in state court); *Irigoyen v. State Farm Lloyds*, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004) (finding plaintiff was dilatory where amendment was

---

[32] R. Doc. 9 at p. 4.
[33] R. Doc. 9 at p. 4.

sought two and a half months after removal and four and a half months after the original petition was filed); *Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, 2003 WL 21783304, at *3 (E.D. La. July 30, 2003) (holding that a plaintiff was dilatory in waiting two months after filing the complaint and nearly thirty days after removal before filing a motion for leave to amend).

Other courts, however, have concluded that a plaintiff was not dilatory in seeking leave to amend within the same time frame. *See, Schindler v. Charles Schwab & Co.*, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005) (holding that the plaintiff was not dilatory when she filed the motion to amend a month and a half after she filed her state court petition and less than thirty days after removal to federal court); *Johnson v. Sepulveda Props., Inc.*, 1999 WL 728746, at *3 (E.D. La. Sept. 16, 1999) (amendment sought two months after state court petition filed held not dilatory); *Holcomb v. Brience, Inc.*, 2001 WL 1480756, at *2 (N.D. Tex. Nov. 20, 2001) (amendment two months and one week after state court filing and one month and one week after removal held not dilatory). *See also, McNeel v. Kemper Cas. Ins. Co.*, 2004 WL 1635757, at *3 (N.D. Tex. Jul. 21, 2004) (amendment five months after filing of state court petition, six weeks after removal, and before the deadline for joining parties held not dilatory); *Vincent v. East Haven Ltd. P'ship*, 2002 WL 31654955, at *3 (E.D. La. Nov. 20, 2002) (amendment five months after state court filing and six weeks after removal held not dilatory).

In the instant case, no Scheduling Order has been issued, so no pretrial or trial dates have been scheduled and no significant activity beyond the pleading stage has occurred. However, Plaintiff filed the instant Motion seeking leave to amend her Petition on February 22, 2017, six weeks after the case was removed on January 11, 2017, almost three months after Plaintiff filed an Amended Petition on November 30, 2016, and approximately six months after filing the original

Petition on August 9, 2016. Further, Plaintiff had information about Holmes' identity and his involvement in the underlying accident when she filed her original Petition and Amended Petition in state court. Unlike in other post-removal amendment cases, Plaintiff has not offered a neutral explanation for the timing in seeking amendment. *See, Lacy v. ABC Ins. Co.*, 1995 WL 688786, at *2-3 (E.D. La. Nov. 17, 1995) (finding plaintiff was not dilatory in amending her pleadings three weeks after removal because plaintiff sought leave to amend within a reasonable time after she discovered the information that allowed her to identify the fictitiously named defendants and their job duties). Like the court in *Gallegos*, this Court finds these factors weigh slightly in favor of finding that Plaintiff was dilatory in seeking leave to amend her Petition. *See, Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009).

### 3. Plaintiff may be prejudiced by denying leave to amend.

In determining the third *Hensgens* factor-whether the plaintiff would be prejudiced by denying leave to amend-courts consider whether the already named diverse defendant would be unable to satisfy a future judgment and whether the plaintiff could recover against the proposed nondiverse defendant. *See, Gallegos*, 2009 WL 4730570 at *5 (citing *Irigoyen v. State Farm Lloyds*, 2004 WL 398553, at *5 (S.D. Tex. Jan. 5, 2004)). In addition, "considerations of cost, judicial efficiency and possible inconsistency of results militate in favor of not requiring plaintiff[s] to prosecute two separate claims in two forums when both arise from the same set of facts and circumstances." *Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (quotation omitted).

In Louisiana, there is a presumption of negligence on the part of the following motorist in a rear-end collision. *Mart v. Hill*, 505 So.2d 1120, 1123 (La. 1987) (in a rear-end collision, the following motorist is presumed to have breached the standard of conduct prescribed in La. R.S.

15

32:81). Thus, in the instant case, there is a presumption of negligence on Holmes part, since he was the motorist behind Plaintiff's vehicle at the time of the accident. Because Plaintiff may have a viable claim against Holmes, Plaintiff may be prejudiced if she is not allowed to amend her Petition to name Holmes and USAA as defendants in this case.

Although not addressed by the Plaintiff, the undersigned recognizes that if leave to amend is denied, Plaintiff may be barred from re-asserting her claims against Holmes under Louisiana's one-year prescriptive period for negligence claims, which begins to run from the day the injury or damage is sustained. La. Civ. Code art. 3492. Here, the underlying accident occurred on March 24, 2016. Thus, if leave to amend is denied, any future action brought by Plaintiff against Holmes will fall outside of the one-year prescriptive period set forth in article 3492. Although the undersigned expresses no opinion regarding whether prescription has run on Plaintiff's claims against Holmes, to the extent that the claims may be prescribed, Plaintiff could be prejudiced if leave to amend is denied. However, because Plaintiff had two opportunities to add Holmes as a defendant prior to removal, any prejudice that results from denying Plaintiff leave to amend her Petition is the direct result of Plaintiff's failure to name Holmes as a defendant in her original Petition or in her Amended Petition, despite the fact Plaintiff knew Holmes' identity and his role in the underlying accident when the original Petition was filed and amended in state court. As such, this factor weighs only slightly in favor of the Plaintiff.

### 4.   The consideration of other equitable factors weighs slightly in favor of Defendants.

The final *Hensgens* factor requires the Court to consider "other equitable factors" in determining whether to allow Plaintiff leave to amend her Petition. "Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum and . . . would result in parallel state court proceedings, these factors are likely to be present

whenever a plaintiff in a removed case seeks to add a nondiverse defendant." *Gallegos*, 2009 WL 4730570 at *5 (citing *Smith v. Robin Am., Inc.*, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009); *Tomlinson v. Allstate Indem. Co.*, 2006 WL 1331541, at *6 (E.D. La. May 12, 2006)). Here, Plaintiff does not assert the possibility that parallel federal and state proceedings may cause inconsistent results and a waste of judicial resources. Defendants, however, assert that they will be prejudiced if Plaintiff is allowed to amend her Petition because the matter will be remanded to state court, potentially depriving Defendants of a properly invoked federal forum.[34] Based on the foregoing, the fourth *Hensgens* factor weighs slightly in favor of Defendants.

## Conclusion

Based on the foregoing, Plaintiff's Motion for Leave to File Amended Complaint for Damages should be denied to the extent that Plaintiff seeks to add Holmes, a non-diverse party, and his insurer, USAA, as defendants in this matter. Under the four-factor analysis set forth in *Hensgens*, the undersigned finds that Plaintiff seeks to amend her state court Petition for the primary purpose of defeating diversity jurisdiction in this case, Plaintiff was dilatory in seeking to amend, denying the Motion may prejudice Plaintiff, but granting the Motion may prejudice Defendants, who could be deprived of a properly invoked federal forum. To the extent that Plaintiff seeks leave to add several non-diverse defendants, including SRS Distribution Inc. f/k/a SRS Acquisition Corporation, Travelers Property Casualty of America and Travelers Property Casualty Insurance Company, the Motion should be granted.

---

[34] While Defendants suggest that the instant Motion can be denied without prejudice to Plaintiff re-filing the Motion to add Holmes after Plaintiff conducts discovery and obtains additional information to support her claims against Holmes, this assertion is inconsistent with Defendants' argument that Plaintiff already had enough information to bring her claims against Holmes when she filed her original Petition and Amended Petition in state court. (*See*, R. Doc. 9 at 7-8).

17

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion for Leave to File Amended Complaint For Damages to Add Additional Parties,[35] should be **GRANTED in part**. The Motion should be **GRANTED** to the extent that Plaintiff seeks to name SRS Distribution Inc. f/k/a SRS Acquisition Corporation, Travelers Property Casualty of America and Travelers Property Casualty Insurance Company as defendants in this matter. However, the Motion should be **DENIED** to the extent that Plaintiff seeks to add Thaddeus Holmes and United Services Automobile Association as defendants in this matter.

Signed in Baton Rouge, Louisiana, on June 30, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[35] R. Doc. 6.